## CHARLES A. BILLINGS *vs.* JACOB H. FAIRBANKS.

Worcester. Oct. 2. — Dec. 4, 1883. FIELD & W. ALLEN, JJ., absent.

If a person, who has been accused by his employer of stealing money from him, informs a friend of the accusation and seeks his advice, and the latter has an interview with the employer, in which he informs him of the grounds of the charge, and during which the accused person comes in and begins a conversation with his employer, referring to the charge of larceny, whereupon the employer repeats the accusation, the third person still being present, the occasion renders the words privileged.

TORT for slander. At the trial in the Superior Court, before *Staples,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*F. P. Goulding & E. P. Loring*, for the defendant.

*F. A. Gaskill*, for the plaintiff.

COLBURN, J.    The defendant, claiming to have lost money, accused the plaintiff, who was in his employ, of stealing it. Upon this accusation being made, the plaintiff, through his wife, informed one Leonard Foster, with whom he had lived for many years, from his boyhood up, of the accusation, and sought his advice.    Foster went to the defendant, and had an interview with him, in which the defendant informed him of the grounds upon which he made the accusation.

Upon this application made to him by the plaintiff, Foster had such an interest in the subject, and such a duty to perform, that he was entitled to have the interview with the defendant; and the statements made by the defendant, upon the subject to which the interview related, were privileged.    During this interview, the plaintiff came in.    The plaintiff asked the defendant to settle with him what he owed him, to which the defendant replied that he hired him for a year.    The plaintiff then said, " You do not want a man who steals your money, and I do not want to work for a man who charges me with it."    To which the defendant replied, " I know you took the money, and there is another person who knows it also."    It is upon these words, so spoken, that the plaintiff relies, as the substantive slander for which he brings this action.

We are of opinion that these words were, under the circumstances, privileged; and that the jury should have been so instructed.    It is of no importance whether the interview between Foster and the defendant had ended or not.    If Foster had not been present, the words were clearly privileged.    The plaintiff began the conversation and introduced the subject of the charge of larceny made against him.    The words used by the defendant were spoken in this conversation, and the mere fact that the words were spoken in the presence of Foster, who, as the friend of the plaintiff, had been investigating the charge, and had been fully informed of all the facts and circumstances, did not defeat the privilege.

In *Toogood* v. *Spyring*, 1 Cr., M. & R. 181, and 4 Tyrw. 582, which was an action for slander in charging the plaintiff, in presence of third persons, with larceny from the defendant,

Baron Parke says: "I am not aware that it was ever deemed essential to the protection of such a communication that it should be made to some person interested in the inquiry, alone, and not in the presence of a third person. If made with honesty of purpose to a party who has any interest in the inquiry (and that has been very liberally construed), the simple fact that there has been some casual bystander cannot alter the nature of the transaction."

This case is cited, and the decision upon this point fully affirmed, in *Brow* v. *Hathaway*, 13 Allen, 239, which was an action for slander, in accusing the plaintiff of larceny, by the defendant, in presence of third persons, in which Mr. Justice Wells says: " This ' privilege ' is not defeated by the mere fact that the statements were made in the presence of others than the parties immediately interested; nor that they were intemperate or excessive from over excitement."

*Exceptions sustained.*