CHARLES A. BILLINGS *vs.* JACOB H. FAIRBANKS.

Worcester.   Nov. 26, 1884. — March 3, 1885.   C. ALLEN & COLBURN, JJ., absent.

If an employer, on an occasion which renders the words privileged, accuses his employee, in the presence of a third person, of stealing money from him, the fact that the employer does not have a full belief that the employee is guilty does not render the words the less privileged, if he honestly suspects him of committing the crime.

HOLMES, J.   This is an action for slander, which has been before this court already. 136 Mass. 177. The case for the plaintiff as presented at the second trial, after the decision cited, so far as material, was in brief as follows: On February 21, 1882, the plaintiff and one Leonard Foster went to the defendant's house. While the plaintiff was out of the room, Foster said to the defendant that the plaintiff had been charged with taking the defendant's money, asked him various particulars as to his mode of keeping his money, and whether he had any proof that the plaintiff took it. The defendant replied, that he knew he took it, the books showed it. Foster said that he should demand proof; to which the defendant made an angry answer,

adding, "You 'll back him, will you?" Then the plaintiff came in and told the defendant that he had accused the plaintiff of stealing his money; which the defendant denied, but then said that he knew the plaintiff took it, "and another man knows it too." Foster asked the defendant if he had any proof of it. He said, "No doubt of it; the books show it, and I can see it in the plaintiff's eye." The defendant also said, at some time during the interview, "I have no doubt he took the money," as averred in the declaration. This statement in the plaintiff's presence is the first slander relied on.

On February 27, the plaintiff, with one Frank L. Fairbanks, a nephew of the defendant, again went to the defendant's house. The plaintiff, as before, told the defendant that he had accused the plaintiff of stealing the money, which the defendant again denied. Fairbanks then told the defendant that he thought the plaintiff's position was right, and asked him if he had any proof. The defendant answered, "I know he took the money, but I can't prove it." This is the second slander relied on. In the course of the interview, the defendant showed Fairbanks his books, and how he kept his cash, and how careful he had been not to have any mistake with it.

We assume, in favor of the plaintiff, that there was evidence tending to show that the defendant did not fully believe the plaintiff guilty at the time of these talks, although that may be questionable. There is no evidence that he did not suspect him. The court ruled that the talks were privileged, and that, unless express malice was proved, the plaintiff could not recover, and further instructed the jury as follows: "Communications and statements by a person immediately concerned in duty or interest in the subject to which the communication relates, for the purposes of investigation in the matter of that duty, or protecting that interest, in the full belief that the communications are true, and without any malicious motive, are privileged. Such communications are not the less privileged if made in the presence and hearing of others than the parties immediately interested, or because the communications are expressed in a more immoderate or vehement manner than the occasion required, from excessive excitement. If a privileged communication is made with unnecessary publicity, or goes beyond what is reasonable in imputing

crime, or if there is evidence that the person making the privileged communication knew that it was false, or had no sufficient reason or cause to believe it to be true, or that he improperly sought or made the occasion to utter defamatory words, these facts would tend to prove malice."

After the jury had been out two hours, they submitted the following inquiry in writing to the court: "The defendant admitted that he did not fully believe the plaintiff took the money. Did that fact make his statements in the matter beyond his privilege?" Thereupon the court sent for the jury, and read to them his charge upon the subject of privilege, as above set forth, and informed them that he could say nothing more to them at that time, and they retired. To all of which the defendant excepted.

We are aware that the language of the charge is very nearly the same with that quoted in *Brow* v. *Hathaway*, 13 Allen, 239, 242, but we are of opinion that the inquiry on the part of the jury was not adequately answered without further instructions, and that the instructions given by way of answer, standing alone, were likely to mislead. The exceptions, therefore, must be sustained.

In the present case there was nothing to take the communications relied on out of the privilege of the occasion, unless it was the possible fact that the defendant did not then fully believe that the plaintiff took the money. That, at all events, was the fact or supposed fact with regard to which the jury asked further instructions. Now what were the circumstances? Both Foster and Fairbanks went to the defendant's house as the plaintiff's friends, they asked the questions which led to the answers, and they asked them on the footing of already knowing the defendant's suspicions, and for the ostensible purpose, at least, of considering what proof there was to justify them. The plaintiff himself had opened the matter by stating that the defendant accused him. In his answer, no doubt, the defendant used words importing an absolute charge when taken by themselves. But taking the whole interview together, it is evident, or at the lowest the jury might have found, that the defendant only persisted in his conviction of the plaintiff's guilt when challenged with regard to it by the plaintiff's friends, and that he disclosed

in each instance that his so-called knowledge was only a conviction based upon reasoning which was understood by Foster and Fairbanks, which was admitted not to be conclusive, and which was not assented to by them.

When the jury asked whether the want of a full belief on the defendant's part that the plaintiff took the money "made his statements beyond his privilege," and were answered that the communications must have been made in the full belief that they were true, they must have understood that their question was answered, "Yes." But upon the facts in evidence, or at least the very possible view of them which we have just expressed, and that which the question of the jury hints at, the answer should have been the other way. For if the fair effect of the whole interview in each case was merely that the defendant persisted in his known suspicions when inquired of on behalf of the plaintiff, while admitting that he could not prove them to be true, it was not necessary that he should fully believe the plaintiff guilty; it was enough that he honestly suspected him, and inclined to think him guilty, while admitting that he might be wrong.                    *Exceptions sustained.*

*G. A. Torrey,* for the defendant.
*F. A. Gaskill & H. B. Verry,* for the plaintiff.