## White v. Jaffee.

*Slander—When action will not lie—Words uttered in answer to inquiry.*

Where alleged defamatory words are uttered in answer to an inquiry from the plaintiff, and such words are fair and relevant to the question, an action for slander will not lie.

Trespass for slander. Motion to take off non-suit. C. P. Butler Co., Sept. T., 1920, No. 50.

*S. F. Bowser,* for plaintiff; *W. H. Martin,* for defendant.

Reiber, P. J., Dec. 27, 1923.—This is an action of trespass *sur* slander, and the actionable words alleged to have been spoken of plaintiff by the defendant are: "That she, the said Kate White, had stolen a silk komona from the said Leader Store in the month of September, 1917, and that he, the defendant, and one Miss Shofe had taken the kimona from her, or words to that effect." The testimony on the part of the plaintiff was substantially to the effect that on a certain suburban day, when she was in the defendant's store, the defendant ordered her from the store and requested her not to return, and took hold of her arm and led her to the door. She subsequently had him arrested before an alderman for assault and battery. Several days thereafter she returned to defendant's store, accompanied by her sister and a lady friend, at which time she requested the defendant to explain to her why she had been ejected from the store. Defendant thereupon stated to her that at one time she had been caught stealing a kimona from the store and that he did not want her in the store. The words so uttered are the basis of this action. We are unable to find any case in our own jurisdiction involving the same facts, nor has any such case been cited.

The rule is thus stated in several of the text-books as follows: If the only publication proven is one made by the defendant in answer to an application from the plaintiff, or some agent of the plaintiff, demanding an explanation, such answer, if fair and relevant, is not actionable: Newell on Libel and Slander, 515; Odgers on Libel and Slander, 277.

It is further ruled that where a defamatory matter is published in answer made to an inquiry by plaintiff or his agent, the answer is privileged and no action will lie: 25 Cyc., 392; Middleby v. Effler, 118 Fed. Repr. 261; Beeler v. Jackson, 2 Atl. Repr. 916; Billings v. Fairbanks, 136 Mass. 177; 1 Cooley on Torts, 457.

Under the rule cited, the words spoken by defendant in reply to an inquiry of plaintiff being fair and relevant, in our opinion, do not constitute such a publication as will support an action for defamation, and, under the circumstances, were privileged, and the motion, therefore, must be denied.

And now, Dec. 27, 1923, the motion on part of plaintiff to take off the compulsory non-suit is refused and bill of exceptions sealed for plaintiff.

From Thomas H. Greer, Butler, Pa.