Henderson, Chief Justice.
 

 — The words charged to have been spoken, are not actionable of themselves, but may be made so by a
 
 colloquium,
 
 or by introductory matter, with an
 
 innuendo.
 
 The
 
 colloquium
 
 is the subject matter, in reference to w hich the words were spoken. What is commonly called the introduction, contains foreign or extrinsic facts, known to t’us boaters, and alluded to by the speaker, by which a slanderous character may be given to words ambiguous in themselves, or apparently harmless. The
 
 innuendo
 
 avers the meaning of the words as intended by the speaker, and as understood by the hearers. It must be warranted by the
 
 colloquium,
 
 or by' the introductory
 
 mailer;
 
 that is, it must be a rational inference, that they were so mount, and so understood. The
 
 colloquium
 
 and introductory m-Utee musi.be put upon the record ,• otherwise juries would be left at large to construe the Words as they pleased. They are required í.o
 
 be
 
 placed upon the record, that tlie jury may be kepi within the bounds of reason and common sense. For although they are triers of the facts, it is the, duty ami
 
 y
 
 oCnce of the Court to see, that their inter,mees are such is are reasonable and probable. Hence irrelevant «■ .¡¡¿neo iy withheld from them. Hence also in mutTr, tie wound, which the jury aflirm to be the cause of death, should be described by its breadth and depth, that the Court may see, not that it did occasion the death, for that, is the province of the jury to decide, but that it is probable that it did, which is the province of the Court. The words are, " our former Senator used vigilance and diligence in prosecuting
 
 Welsh
 
 for passing counterfeit money, in order to prevent suspicion from falling upon himself. He procured
 
 Road-
 
 
 *124
 

 man
 
 to prosecute him, to extricate himself, and he was as deep in the mud as
 
 Welsh
 
 was in tiie mire,” with an
 
 innuendo,
 
 that the Defendant intended to impute, and did impute to him the crime of passing counterfeit
 
 money;
 
 and to support this
 
 innuendo,
 
 or to render it probable, there is an averment that the Plaintiff had been a Senator from the county : and another that
 
 Welsh
 
 had been guilty of passing counterfeit money, which supports the
 
 innuendo,
 
 that by saying, that the Plaintiff was as deep in the mud as
 
 Welsh
 
 was in the mire, he meant to impute to him the crime of passing counterfeit money. The jury by
 
 their
 
 verdict, have affirmed both the averments and
 
 innuendoes.
 
 It is therefore the same thing as if the Defendant had said in so many words, that the Plaintiff
 
 ivas guilty of passing counterfeit money.
 
 It is true, these averments are not found where, according to approved forms, they should be, that is, preceding the words alleged to have been spoken, but it is sufficient if they are found any where. I therefore think that the declaration is substantially good, and that the judgment should not be arrested. But there is a motion for a new trial for improperly overruling a challenge to a juror. And if the challenge was impro-peidy overruled, it is good cause for a new trial.
 

 I do not think that there is any thing in the cause first assigned, viewing it either as a cause for a principal challenge, or one for favor. For from that alone, I do not think it is inferable, that the juror is not indifferent. I mean, that the Plaintiff and juror were both stockholders in a turnpike company. For those companies or associations spoken of in the books, which disqualify the members from serving as jurors, where another momber is a party, mean such associations as unite men much more intimately, than being stockholders in the same incorporated company. They are such associations as impose personal obligations on the members —obligation*
 
 *125
 
 arising from benevolence and g-od-wiil 'owards each other, not a mere partial union of funds for profit. The funds are united, but the individuals are entirely distinct. But it appears to me, that there is something in the second cause, to-wif, that there was hostility between the juror and the Defendant. For although the word
 
 had
 
 implies that the hostility had passed away, yet from the reasons assigned for overruling it, it is plain that it was considered that it still existed, and that the word
 
 had
 
 was used by mistake. It seems that the Judge disregarded all kinds of hostility but that which related to the particular suit then to be tried. I think that the law is otherwise. The juror should be perfectly impartial, and indifferent causes apparently very slight, are good causes of challenge, and that which is good cause for quashing the array, is good cause of challenge to the polls. I mention this, as most, at least many of the cases, are challenges to the array. If the Sheriff be liable to the distress of either party, or if he be his servant or counsellor, or if he has been god-father to a child of either of the parties, or either of them to his, or if an action which implies malice, as assault and battery, slander or the like, is depending between them, these all are causes of principal challenge. (Sac.
 
 ab. Jurors, F.
 
 1.) From these cases, particularly the one which states a suit pending, which implies malice, it appears that general hostility, by which I mean, that which is not confined to the particular suit, is cause of challenge. From these causes, the law of itself implies a want of indifference, which the Defendant offered to show. I think he ought to to have been permitted to do so, and if he succeeded, that the juror should not have been sworn. For this cause, and for this cause only, there should be a new trial.
 

 As to the other words which were given in evidence, I think it is proper to show the degree of malice by any words or acts of the Defendant, whether spoken or done before or after the action brought. We will presume,
 
 *126
 
 |¡iat they, under the charge of the Court, had that effect, and that effect only. No regard ought to be paid to the ,, .
 
 J
 
 , , , old rule, that these words mus.t »e such as were not actionable, that rule having yielded to common sense. For damages are not given for these words, but fertile words charged. They only tend to siiow the degree of malice entertained by the Defendant against the Flainiiff.
 

 Per Curiam. — Let the judgment below be reversed, and a new trial granted.