Gaston, J.
 

 There is no error in the order from which the defendant appealed. The Court has unquestionably the power to make the amendment, under the extensive
 
 *36
 
 contained in the first section of the act “Concerning ^ amendment of process, pleadings, and other proceedings at law.” (Rev. Stat. c. 3.) We presume that they exercised p0wer discreet]y, and have no right to supervise the exercise of a discretionary power.
 

 With respect to the dismission of the appeal to the Superior Court, we are of opinion that it is not warranted by any sufficient reason. The counsel for the defendant expressly waives the objection that no formal judgment was entered up in the County Court, if the verdict can be deemed such as to warrant a judgment thereon. In waiving this objection, he not only conforms to the well known indulgence, which gentlemen of the profession uniformly shew to the imperfect records of our County Courts, but foregoes no right of his client, however technical, for it has been long settled in this State, “that upon a verdict, which, connected with the pleadings, authorizes a judgment, and where no judgment is formally entered, the courts intend such a judgr ment as ought to have been rendered.”
 
 Barnard
 
 v
 
 Etheridge,
 
 4 Dev. 296.
 

 It remains to be seen, whether the verdict was so
 
 defective
 
 as not to authorize a judgment. The law directs, that the jury shall assess the amount, which the plaintiff ought annually to receive from the owner of the mill, on account of the damages by the petitioner sustained. Surely this is distinctly done, when, after setting forth that they were appointed to assess the damages between James Harper, plaintiff, and Elisha P. Miller, defendant, they report that, in performance of that duty, they assess the damages sustained by James Harper at fifteen dollars per year. To every fair in-tendment this is a verdict that the plaintiff, Harper, receive from the defendant, Miller, annually the sum of fifteen dollars, on account ol the damages sustained by the plaintiff.
 

 It is to be remarked, too, that no exception was taken by either party in the County Court to the form of the verdict, and it docs not appear that the defendant was dissatisfied with its substance. The plaintiff, who complains of the verdict, treats it as a valid one followed by a judgment con
 
 *37
 
 forming thereto. We think that it cannot be allowed to the defendant to say, there was no verdict, no judgment, and therefore the appeal of the plaintiff was a nullity. The act concerning appeals, (Rev. Stat. ch. 4, s. 2,) declares that no appeal from the County Court shall be dismissed for want of form, if there .appear sufficient matter of substance in the transcript to enable the Superior Court to proceed thereon.
 

 In the argument here, the defendant raised objections to the regularity of the proceedings previous to the verdict.— It is unnecessary to examine into the validity .of these objections, and, if valid, whether they be not waived by not being brought forward in apt season. It is certainly a general rule, that objections to proceedings, because of irregularity, should be made upon the first opportunity presented, and, where there has been an irregularity, if the party overlook it and take subsequent steps in the cause, he cannot afterv wards turn back to the irregularity and object to it. But, at all events, whether the previous proceedings have been regular or irregular, there have been a verdict in this cause and a judgment pursuant thereto, and therefore the plaintiff had a right to appeal therefrom. Appeals are expressly given, “where either” (party) “is dissatisfied with the judgment of the court upon the verdict of the jury, rendered upon the petition of any person alleging that he is injured by the erection of a public mill.” Rev. Stat. c. 4, s. 2. And by the 17th section of the act “concerning mills and millers,” (Rev. Stat. ch. 74) special provisions are made as to the mode of trial upon such appeals, and as to the consequences, if, when the plaintiff appeals, he fail to recover higher damages than were awarded to him by the jury on the premises.
 

 This opinion must be certified to the Superior Court of Caldwell, with instructions to reverse the order dismissing the appeal from the County Court, and to proceed with the trial of the cause, so brought before it by appeal, according to the usages of law.
 

 Per Cueiam, Ordered accordingly,