Pearson, J.
 

 This was an action of slander. The words charged in the declaration, were, that the defendant, in speaking of the plaintiff, said, “ he did take and sell ninety dollars worth of my pork, and lay out three nights in town, and refused to give up the money until Griffin threatened
 
 *143
 
 to send a writ to Wayne county; I have kept it no secret,” intending thereby to charge the plaintiff with stealing his pork or his money.
 

 One
 
 Moses
 
 was called by the plaintiff: he stated that the defendant, in the presence of himself, and one or two others, speaking of the plaintiff, said; “ he did sell ninety dollars worth of my pork in November, and lay out three nights, and would not give up the moneys until Griffin threatened to send a writ to the county of Wayne, 1 have kept it no secret.” The witness then told him, he and the plaintiff had better make it up: he replied, “ D — n him, I ask him no odds, I can prove the charge by Richard Hinson.’* The witness was then asked, what he understood the defendant to mean, by using the above language concerning the plaintiff? This question was objected to, but was admitted. Witness said, that he inferred that the defendant intended to charge the plaintiff with stealing his pork or his money. For this the defendant excepts.
 

 This exception is well founded, and, as it meets the merits of the case, we put our decision upon it, and it is not necessary to state the other points. It should be remarked in the first place, there is a variance between the words charged and those proven; in this the witness does not use the word “ take,” but says, “ did sell ninety dollars worth of my pork, &c.” This may be a fatal variance, but we pass it by, and consider the v'ords proven to be the words charged. We are at a loss for a conjecture, upon what principle the inference of the witness, as to the meaning of the words, can properly be substituted, for that which it was the province of the Court or Jury to make, and can account for the reception of the evidence, only on the ground that his Honor mistook a
 
 restricted exception
 
 for the rule. The general rule is, words are to be taken in the ordinary acceptation and it is the duty of the Court to decide, whether they do,
 
 *144
 
 oi" do not import a charge, which is slanderous. For this purpose it is necessary to set out, in the declaration, the very words which are spoken.
 

 The first exception in favor of the plaintiff, is, although the words do not, in their ordinary meaning, import a slanderous charge, yet,
 
 if they are susceptible of such a meaning,
 
 and the plaintiff
 
 avers a fact,
 
 from which it may be inferred, that they were used for the purpose of making the charge ; upon proof of this averment, it should be left to the Jury to say, whether the defendant used the words in the sense imputed, and not in their ordinary sense ; for example, if there is an averment that the horse of the defendant had been stolen by some one, and after the supposed felony the defendant, speaking of the plaintiff) says, “I have found out
 
 that he is the man who took my horse,”
 
 although the word “take,” does not, in its ordinary signification, mean to steal, yet upon proof of the averment, it is proper to submit to the jury, whether it was not used in that sense. So, if there is an averment, that the plaintiff had been examined as a witness in Court, and the words are, “
 
 he is forsworn,”
 
 upon proof of the averment, it might be left to the Jury, whether the word “ forsworn” was used in the sense of having committed perjury.
 

 The second exception is still more restricted, and is explained in
 
 Briggs
 
 v
 
 Bird,
 
 11 Ired. 358, in these words:— When a charge is made, by using a cant phrase, or words having a local meaning, or a nick-name, when advantage is taken of a fact known to the persons spoken to, in order to convey a meaning which they understood, by connecting the words (of themselves unmeaning,) with such fact, the plaintiff is bound to make an averment of the meaning of such cant phrases, or nick-names, or of the existence of such collateral fact, for the purpose of giving point to the Words, and of showing that the defendant meant to make
 
 *145
 
 the charge complained of; and in such cases, there must, also, be an averment, that the
 
 words were so understood by the person to whom they were addressed;
 
 for otherwise, they, are without point, and harmless. These averments are traversable, and must be proven.” This is the only case, in which a witness is allowed to give his understanding of the meaning of the words, and that from necessity, because the averment cannot be proved in any other way.
 

 A third exception in favor of defendant, and it corresponds with the first exception in favor of plaintiff, is this : although the words do import a slanderous charge, yet the defendant, upon proof of a fact, from which it may be inferred, that they were not used in that sense, may insist, that it should ’be left to the Jury, to say in-what sense-he used them. As if the defendant says to the plaintiff “ she
 
 murdered
 
 A. B.;” upon proof that A. B. was a young gentleman, who had addressed the plaintiff, and was rejected, it should be left to the Jury to say, in what sense the word “ murdered” was used ; whereas, in the absence of such proof, it would be the duty of the Court to adjudge, that the words imported a charge which was slanderous.
 
 „
 

 The present case falls under the general rule, for the words proven are susceptible of a meaning, whereby to charge the plaintiff with having committed larceny. Ta-the words as set out in the declaration, they are not brought within the first exception, because no fact .is averred, by which to give them a meaning, other than their ordinary signification. There is no reason whatever for supposing the case to come within the second exception; and, unless it does, there is no ground upon which it was admissible, to ask the witness in what sense he understood-the words, or what was his inference as to the defendant’s meaning. Without the restrictions, above pointed out, any man would be liable to be sued for slander, who has the
 
 *146
 
 misfortune to speak in the presence of an ignorant, or of a prejudiced, or of a corrupt witness, although the words used by him do not, in their ordinary acceptation,
 
 import
 
 a charge which is slanderous ; for the misapprehension of the witness, whether real or pretended, is thus to be substituted in the place of the inference, which it is the duty of the Court to make, as to the meaning of words.
 

 The counsel for the plaintiff cited
 
 Hamilton
 
 v
 
 Smith, 2
 
 Dev. & Bat. 274. We do not see that it is at all opposed to our conclusion; on the contrary, it is consistent with, and illustrates the view of the subject which we have taken.
 

 Per Curiam.
 
 Venire de novo
 
 awarded.