Pearson, C. J.
 

 The words uttered by the defendant charge the plaintiff with keeping a house for prostitutes, in other words, it is a charge of keeping “a bawdy-house,” which is an indictable offense. But every charge of an indictable offense is not actionable
 
 per se,
 
 without proof of special damage, and the case states there was no such proof. Whether to charge a
 
 woman
 
 with keeping a
 
 bawcly-hoiose,
 
 is actionable
 
 per se,
 
 either at common law, or under the statute on the ground that “ the greater includes the less,” and a woman who would keep a house for prostitutes must, necessarily be a prostitute herself, is a question not presented by the case as made up by his Honor, and in regard to which, we are not now at liberty to express an opinion; for the exception of the
 
 *560
 
 plaintiff is put on the ground that she offered'to> prove that the witness understood the charge of keeping a ba.wdy-house, which the defendant made against her, as being in fact a charge that she- was herself an unchaste woman, which: is-clearly untenable.
 

 Suppose a witness says- he heard one say that A kept a, grog shop, can the witness be- allowed to- go on and say that by these words he understood that A was charged- with- being himself a drunkard ?
 

 The question is too plain for discussion, and the-learning on. the subject is fully set out in
 
 Sasser
 
 v.
 
 Jioiise,
 
 13 Ired. Rep. 14where it is said, “ without the restrictions above pointed out, any man would be liable to-be sued for slander, wh.o has the misfortune to speak in the presence of an
 
 ign.onm.%
 
 or of a prejudiced, or of a corrupt witness; for the misapprehension of the witness, whether real- or pretended, would thereby be substituted in the place of the inference which it is-the duty of the Court to make as to the meaning of the words.”’
 

 There is no error..
 

 Per CueiaM,
 

 judgment affirmed!