## STATE v. RED MILLS.

*Indictment for Slandering Innocent Woman—Slander—
Evidence— Word Spoken or Written Before Action
Begun—Animus.*

1. Words written or spoken before or after those which form the
   basis of an action or indictment for slander, are admissible to
   show the animus of the defendant; also the mode and extent
   of their repetition.
2. On trial for slander of a woman, after the defendant, as a wit-
   ness, had admitted the innocence of the prosecutrix, and had
   undertaken to justify the words spoken on the ground that
   he had only repeated a rumor, without wrong motive, an
   affidavit made by him, at a prior term of court, to secure a
   continuance on the ground of the absence of a witness by
   whom he expected to prove the unchastity of the prosecu-
   trix, was properly admitted.

Indictment for slandering an innocent woman, tried
before *Robinson, J.,* at Spring Term, 1895, of UNION Supe-
rior Court. The defendant was convicted and appealed.
The facts and ground of appeal are set out in the opinion
of Chief Justice FAIRCLOTH.

*The Attorney General,* for the State.
No counsel, *contra.*

FAIRCLOTH, C. J.: The defendant was indicted for slan-
dering an innocent woman. At some term of court before
the trial term, the defendant filed an affidavit for a contin-
uance, because of the absence of certain witnesses by whom
he expected to prove an actual, sexual intercourse of the
prosecutrix with another person.

At the trial, after the State rested its case, the defendant
caused himself to be examined as a witness in his own

behalf, when he admitted the innocence and virtue of the prosecutrix and undertook to justify the words spoken by swearing that he was simply repeating a rumor that he had heard; that he meant no harm by it and that he had requested the party to say nothing about it.   After defendant's evidence was closed the State offered the affidavit above referred to for the purpose of showing defendant's animus in speaking the words charged in the indictment. This evidence was objected to, but admitted and the defendant excepted.   Verdict of guilty.

The affidavit was competent evidence.   The plea of justification put on the record is an aggravation, if the defendant either abandons the plea at the trial or fails to prove it.   Words written or spoken before or after those sued on are admissible to show the animus of the defendant, also the mode and extent of their repetition.   Odgers on Libel & Slander, Sects. 178, 272; Folkard's Stookey on Slander & L., Sec. 580; Newell on Defamation, S. & L., page 331, Sec. 31, page 348, Sects. 56, 58.   Any words spoken before or after action -begun, are competent to show the degree of malice.   *Brittain* v. *Allen*, 2 Dev., 125 ; *James* v. *Clarke*, 1 Ired., 397.

No Error.