STATE v. EMMETT HOWARD.

(Filed 31 March, 1915.)

**1. Slander—Indictment—Ambiguous Language—Questions for Jury.**
    The rule of evidence ordinarily applying to the charge of slander of an innocent and virtuous woman (Revisal, 3640) that parol evidence to show a meaning contrary to that which the words clearly imply is inadmissible, can have no application when these words are ambiguous and admit of a slanderous interpretation, for then it becomes a question for the jury to determine whether they amounted to the slanderous charge in the reasonable apprehension of the hearers.

**2. Same—Evidence.**
    On trial of an indictment for slandering an innocent and virtuous .woman (Revisal, sec. 3640), testimony that the defendant had said he had quit his old girl (the woman); another named person was going with her now; that she was no lady, but a crook, etc., is sufficient to sustain a conviction of the offense charged.

APPEAL by defendant from *Daniels, J.,* at October Term, 1914, of ONSLOW.

Criminal action. "On bill of indictment for the slander of Bessie Marshburn, an innocent and virtuous woman."

E. F. Hancock, a witness for the State, testified as follows: "I know defendant and Bessie Marshburn. Defendant said, about 1 May, where I was, and was talking of going with girls—said he had quit his old girl, Bessie Marshburn; that Luther Mills was going with her now; that neither one of them was worth anything; she was not a lady; she was nothing but a crook, and he could prove it by his brother Enoch."

In apt time defendant objected to this evidence. Exception overruled.

J. D. Marshburn, father of Bessie, testified: "I went to the defendant and said: 'Emmett, what sort of confounded report is this you are saying about my daughter being in Wilmington making money, not as a lady?' He said he said it to my daughter. I was mad and went to find out what he had said." This was objected to, overruled, and exception noted.

Bessie Marshburn, among other things, testified: "He (defendant) told me he knew something on me. I asked him what it was. He said: 'You were at Wilmington making money, not as a lady.' He was at our mail box."

Objection overruled, and exception.

And further: "He asked me to take a walk down the road with him, and I refused. I am a virtuous and innocent woman."

Demurrer to State's evidence overruled, and defendant excepted.

Defendant, among other things, denied making any insulting or derogatory statements of prosecutrix, etc. The court, after stating the terms of the statute, charged the jury, among other things, that in order to constitute the offense it was necessary that defendant should utter of and

concerning prosecutrix words that amounted to a charge of actual illicit sexual intercourse, and submitted to the jury to determine whether, under all the facts and circumstances, the words spoken by defendant to the witness Hancock, if so spoken, amounted to such charge.

The court further allowed the jury to consider the testimony of the other witnesses, in so far as their evidence tended to corroborate the witness Hancock.

In apt time the court was requested to charge the jury that in no event could defendant be convicted of the crime charged in the bill. Verdict of guilty. Judgment, and defendant excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Thad. Jones and T. C. Wooten for defendant.*

HOKE, J. It was chiefly urged for error that the court did not sustain defendant's demurrer to the State's evidence, and that his Honor refused to charge, as requested, that in no aspect of the evidence could defendant be convicted; but the position, in our opinion, cannot be sustained.

His Honor properly charged the jury that in order to constitute the crime, within the meaning of the law, the words used must amount to a charge of incontinency. *S. v. Moody,* 98 N. C., 671. And while our decisions hold that when the words used have a fixed and unambiguous meaning, they may not, as a rule, be given a criminal significance by means of parol testimony that the hearers understood the "speaker to mean differently from the common import of the words" (*Pitts v. Pace,* 52 N. C., 558); it is also well established that "when the words spoken are ambiguous and fairly admit of a slanderous interpretation, it is then a question for the jury to determine on the sense in which the words were used and whether they amounted to the slanderous charge to the reasonable apprehension of the hearers." *Reeves v. Bowden,* 97 N. C., 30; *Lucas v. Nichols,* 52 N. C., 32; *Simmons v. Morse,* 57 N. C., 5; *McBrayer v. Hill,* 26 N. C., 36; *Emmerson v. Marvell,* 55 Ind., 265; 25 Cyc., 542.

A very satisfactory statement of the principle is given in this last citation, 25 Cyc., as follows: "It is the province of the court to determine what constitutes libel or slander abstractly. Hence, if the language is plain and unambiguous it is a question of law whether or not it is libelous or slanderous. But if the language is ambiguous and susceptible of two meanings, one defamatory and the other not, it is for the jury to decide in what sense it was used; however, it is for the court to determine whether or not the language on its face is capable of a double meaning, and should be submitted to the jury for construction. It is the duty of the court to say whether a publication is capable of the meaning ascribed

to it by the innuendo, but when the court is satisfied of that, it must be left to the jury to say whether the publication has the meaning so ascribed to it." And the position may, at times, be extended to terms and nicknames having general or local significance and rendering them slanderous to those who hear and so understand them. *Sasser v. Rouse,* 35 N. C., 142.

In the present case, while the terms used, "That he had quit his old girl, Bessie Marshburn; that Luther Mills was going with her now; that she was no lady; she was nothing but a crook, and he could prove it by his brother Enoch," may not have, primarily, the criminal significance, they are ambiguous in meaning, sufficiently so to call for the application of the principle, and we are of opinion that his Honor made correct ruling in referring the question to the jury.

The testimony of the other witnesses, J. D. Marshburn *et al.,* was clearly competent in corroboration of the principal witness, Hancock, and in explanation of the sense in which the words were used by the defendant in that conversation. *S. v. Mills,* 116 N. C., 1051; *Brittain v. Allen,* 13 N. C., 120. We find no reversible error, and the judgment is affirmed.

No error.