The complaint, in effect, alleged that just prior to the slanderous utterance plaintiff had been the general manager of defendant company, oil and fertilizer business, and had done his duty honestly and faithfully; that having left the employment of the company, he was in the act of having his household goods moved to the dock, with a purpose of being placed on the boat, when the bearers were stopped by direction of defendant Harry B. Therian, present manager, acting under orders of his codefendant, the president, the goods opened and searched, accompanied by the statement, in the hearing of divers persons, that plaintiff was suspected of having taken the property of defendant company, consisting of towels, bed sheets, etc. In the portion of the complaint more directly relevant, it is alleged: "Upon arriving at the office this plaintiff was informed by the said Mr. Herle that the defendant Harry B. Therian had phoned to him to tell the plaintiff not to remove his household goods until he, the said defendant Harry B. Therian, returned to the plant that afternoon. The plaintiff saw the defendant Harry B. Therian immediately after his return to the (58) plant and was publicly informed by the defendant Harry B. Therian that he (Therian) had orders from Mr. Thomas H. Hayes, president, not to allow this plaintiff to remove his household *Page 61 
goods until they were opened and searched, as he (Mr. Hayes) suspected that this plaintiff had taken the property of the defendant corporation, consisting of towels, bed sheets, etc., which had been missed since the plaintiff left the employment of the defendant corporation.
"Sixth. That in accordance therewith, on the said premises and after the said declaration was made in the presence of divers persons, and in a public manner, the said Therian proceeded to open the household goods and other effects of this plaintiff that had been bundled and securely packed, and rummaged among the said property to see if the plaintiff had misappropriated any of the said defendants' property, and found nothing.
"Seventh. That the said words and acts were plainly intended to mean and be imported and charge this plaintiff with feloniously appropriating and stealing the property of the said defendant corporation, and held this plaintiff up to the public contempt and ridicule, thereby blackening his reputation and attempting to ruin his character, from which the plaintiff has suffered very serious and heavy damages, being very greatly humiliated, shocked and belittled by the reason of the said language and action of the said defendant being publicly made on the said premises in the presence of divers people.
"Eighth. That this plaintiff was detained on the said premises for more than a day in consequence of the said opening of his household effects and inspection of the same, and by the use of the said language and declaration this plaintiff was willfully, deliberately, and recklessly slandered by the said language used by the said defendant therein acting for and in behalf of said defendant corporation, by the orders of Thomas H. Hayes, president, the said slander being made without any just or probable cause, and was recklessly, willfully and deliberately made."
There was further allegation to the effect that plaintiff had filled other positions of responsibility acceptably before being employed in this company, and was then engaged in interesting persons in an enterprise of similar character, and the charge was maliciously made with a view of humiliating plaintiff and harming him in the estimate of his business associates, etc.
Defendants demurred on the ground: (1) That there was misjoinder both of parties and causes of action; (2) that the words used did not amount, per se, to an actionable wrong; (3) that there is no allegation of authority for the defamatory utterances on the part of the company; but, concurring in the view of the court below, we are of opinion that none of these positions can be sustained. (59)
It is the accepted principle here and elsewhere that corporations may be held liable both for the willful and negligent torts of their *Page 62 
agents, and that the principle extends to actions for slander when the defamatory words are uttered by express authority of the company or within the course and scope of the agent's employment. Owing to the facility and thoughtless way that such words are not infrequently used by employees, they should not perhaps be imputed to the company as readily as in more deliberate circumstances — that is, they should not be so readily considered as being within the scope of an agent's employment; but the basic principle is recognized and may be applicable whenever, as stated, the slander has been expressly authorized by the company, or when the defamatory words have been used in the course of the agent's employment and authority for their utterance may be fairly and reasonably inferred. Cooperv. R. R., 170 N.C. 490; Seward v. R. R., 159 N.C. 241; Sawyer v. R. R.,142 N.C. 1; Jackson v. Telegraph Co., 139 N.C. 347; Hussey v. R. R.,98 N.C. 34; Bank v. Graham, 100 U.S. 699; R. R. v. Quigley, 62 U.S. 202;Palmeri v. R. R., 133 N.Y. 261; Maynard v. Fireman's Fund Ins. Co.,34 Cal. 48.
And in such case, as shown in Hussey v. R. R., supra, "The corporation and the employee by whose act the injury was done may be joined in the action." Our decisions are to the effect, further, that in cases of this character, slanderous words will be regarded as actionable, per se, when they impute to another the commission of a crime that involves moral turpitude. Thus, in the recent case of Jones v. Brinkley, 174 N.C. 23, it was contended that as the larceny of goods under twenty dollars had been reduced to the grade of a misdemeanor, a charge of stealing one gallon of ice cream was not a slander per se; but the position was disapproved and it was held, as stated, Clark, C.J., delivering the opinion, "That where the charge, if true, would subject the person to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment or conviction, the words will be in themselves actionable," citing 25 Cyc., pp. 270-272, and sec. 17, R.C.L., p. 265.
Again, it is recognized that in order to an accusation of this kind, it is not required that the charge be made in express terms, but the significance of the utterance may be determined by the words themselves, and in view of the attendant circumstances and in this connection, the tones and gestures and accompanying acts of the parties may at times be properly considered; and if, when so interpreted, the words, by fair intendment and to the reasonable apprehension of the listeners, amount to such charge they may be so construed and dealt with. S. v. Howard, 169 N.C. 312; Webster v. Sharp, 116 N.C. 466; Bigley(60) v. Nat. Fidelity Co., 94 Neb. 813; Odgers on Libel and Slander, pp. 121-24-39; 17 R.C.L., pp. 313-408.
A correct application of these principles are in full support of his Honor's ruling, and, on the record, we do not hesitate to hold that the *Page 63 
language of defendant's employees, when taken in connection with their accompanying acts in causing plaintiff's goods to be publicly opened and searched in the presence of numbers of listening observers, amounted, in effect, to an accusation of larceny of the company's goods, actionable perse, as shown. That the pleadings contain allegations of authority from the company, by direct averment or by fair intendment as the permissible and natural inference, and that under Hussey v. R. R., supra, and other cases of like import, the company and the officers directly "responsible for the injury" have been properly joined as defendants. The authorities cited by appellant are chiefly cases in which the words were not actionable per se, or it was held that they did not express a defamatory charge and are not apposite or controlling on the facts presented on this appeal.
There is no error, and the judgment overruling the demurrer is
Affirmed.
Cited: Clark v. Bland, 181 N.C. 112; Cotton v. Fisheries Co.,181 N.C. 151; Strickland v. Kress, 183 N.C. 537; Sawyer v. Gilmers, Inc.,189 N.C. 11; Elmore v. R. R., 189 N.C. 671; Kelly v. Shoe Co.,190 N.C. 410; Deese v. Collins, 191 N.C. 750; Johnson v. Hospital,196 N.C. 612; Ferguson v. Spinning Co., 196 N.C. 616; Castelloe v. Phelps,198 N.C. 456; Penland v. Hospital, 199 N.C. 320; Dickerson v. Refining Co.,201 N.C. 97; Lamm v. Charles Stores Co., 201 N.C. 137; Satterfield v.Eckerds, Inc., 201 N.C. 601; Britt v. Howell, 208 N.C. 521; Vincent v.Powell, 215 N.C. 338; Scott v. Harrison, 215 N.C. 430; Hammond v. Eckerds,220 N.C. 601; Gillis v. Tea Co., 223 N.C. 472, 475.
(61)