CHARLES M. BRITT v. CHESTER R. HOWELL AND HARRIS, GIBSON, HOWELL COMPANY, INC.

(Filed 9 October, 1935.)

1. **Corporations G i—Complaint held sufficient to state cause of action against corporation for slander.**

    The complaint alleged that plaintiff and the individual defendant were organizers and officers of competitive business corporations, that a person seeking to make a connection with one or the other of the corporations called at the office of the corporate defendant, and that while there the individual defendant, acting for himself and his corporate codefendant, said that plaintiff was a thief, and that therefore the prospect would not want to do business with plaintiff's corporation. *Held:* The demurrer of the corporate defendant, on the ground that the complaint failed to state a cause of action against it, was properly overruled, a corporation being liable *civiliter* for slanderous words spoken by its officers or agents in its service with its authority, express or implied, and the complaint being sufficient to support the introduction of evidence of its liability within the rule.

2. **Same: Parties B b—**

    A corporation is liable for torts committed by its agents and servants precisely as a natural person, and a corporation may be joined as a party defendant with its officer or agent in an action for slander for words spoken by its officer or agent in the service of the corporation and with its express or implied authorization.

APPEAL in civil action for slander by the corporate defendant from judgment overruling its demurrer, entered by *Warlick, J.,* at May Term, 1935, of BUNCOMBE. Affirmed.

*Lee & Lee for plaintiff, appellee.*
*Heazel, Shuford & Hartshorn for defendant, appellant.*

SCHENCK, J. The corporate defendant assigns as its first ground for demurrer that the complaint "does not contain any allegation that this defendant spoke or caused to be spoken the words alleged in the complaint to have been spoken by the defendant Chester R. Howell, or that the speaking of such words by said Howell was either authorized or ratified by this defendant, and, therefore, that the said complaint does not state a cause of action against this defendant."

The complaint alleges that prior to the slanderous utterance the plaintiff Britt and the individual defendant Howell were engaged together in the general food brokerage business as the Charles M. Britt Company, that their company had been put into receivership, and that plaintiff, with others, had organized a new corporation, the Britt, Shiver, Norcom Company, to engage in the same business in the same locality as the old company, and that the defendant Howell, with other associates, had formed the defendant corporation for the purpose of engaging in the same business in the same locality, and that the representatives of the principal accounts of the old company were calling upon both of the new corporations with the view of investigating and recommending the appointment of brokers for their respective products in the Asheville territory, and that when H. M. Phelps, a representative of the C. H. Musselman Company, called on the defendant corporation, recently organized by the defendant Howell, that he, the said Howell, "who was at that time acting for himself and his codefendant, the Harris, Gibson, Howell Company, being at that time an officer of said codefendant company, to wit, its vice-president and treasurer, and did, in the interest of himself and his said company, solicit the brokerage account of the C. H. Musselman Company, and at said time, in an effort to and with the deliberate intention of discrediting this plaintiff, and the Britt, Shiver, Norcom Company, the said Chester R. Howell made and uttered, and did falsely and maliciously speak and publish, of the plaintiff and of his said business the following words: 'That Charles M. Britt sold merchandise ·from the consigned stock of the C. H. Musselman Company, collecting for same, and kept the money for his own personal use, and that the Charles M. Britt Company had to pay for same, and (the said Howell) felt sure that my company (the company represented by the said H. M. Phelps) would not want to do business with a thief.' "

A corporation is liable in an action for slander, or other tort, although the act may have been *ultra vires* and foreign to the objects of its creation, and this liability extends to the tortious acts of its servants done in its service, and whether such acts were committed by the servants in the service of the corporation or solely for their own purposes, or whether the corporation authorized or participated in the tortious act are questions of fact for the jury, *Hussey v. R. R.,* 98 N..C., 34, and a corporation may be held liable for slander when the defamatory words are uttered by one of its officers or agents either by its express authority or in the course of his employment and under such circumstances as to fairly and reasonably warrant the inference that such words were so authorized.  *Cotton v. Fisheries Products Company,* 177 N. C., 56.

We think the allegations in the complaint are sufficient to permit the introduction of proof of such facts as might support the inference that the alleged slanderous and defamatory words were spoken by the individual defendant in the service of the corporate defendant and by its authority, and that his Honor, in overruling the first ground assigned for demurrer, made a correct application of the principles of the law enunciated by this Court and the text-writers.

The corporate defendant assigns as its second ground for demurrer that it "appears from the face of the complaint there is a misjoinder of parties defendant in this action."  The question here presented is answered adversely to the demurrant by both *Cotton v. Fisheries Products Company, supra,* and *Hussey v. R. R., supra.*  In the latter case the following is quoted as applicable to an action for slander instituted against a railroad corporation and its general manager:  "The result of the modern cases is, that a corporation is liable *civiliter* for torts committed by its servants or agents, precisely as a natural person; and it is liable as a natural person for the acts of its agents, done by its authority, express or implied,  .  .  .   The corporation, and its servant, by whose act the injury was done, may be joined in an action of tort in the nature of trespass."

Affirmed.