Taylor, Chief-Justice.
 

 The principle seems to he well established, in relation to the action of slander, that the words spoken should contain an express imputation of sonm crime liable to punishment, some capital offence, or other infamous crime or misdemeanor. Words, v, hick convey only the imputation of an imperfect sense, or practice of moral virtue, duty, or obligation, are not sufficient io support the action. The crime charged, too, must be such as is punishable by the common or statute laws for, if it he only a matter of spiritual cognizance, it is not, according to the authorities, actionable to charge
 
 it
 
 — (Cro.
 
 Eliz. 502
 
 — Salk. 696- — G
 
 Term. Rep.
 
 694.)
 

 There, arc two offences defined in the act of 1805 — (6*. 682.
 
 Hkv. Code')
 
 one is, where a man shall take a woman into his house, or a woman a man, and t hey shall have one or more children without parting, or an entire separation
 
 f
 
 the other is, “ where they bed or cohabit together ;!J and these, alone, are made indictable.
 

 Both descriptions evidently point to a series of offen-ces committed in (he course of their dwelling together 5 nor could an indictment, framed on this act, be maintained by proof of a single unlawful intercourse. Such offence is punishable only by tine, in the manner provi decl by the act of 1 ”41.
 

 
 *54
 
 As, therefore, the words laid in this declaration arc such as, if true, would not have brought the Plaintiff within reach of the penalty of the act of 1805, they will not sustain an action of slander $ for incest, however grievous it may be, as a crime
 
 foro
 
 cadi, is not, as such, punishable in
 
 fo:
 
 j
 
 seudi.
 

 As to the power of the Court to order a nonsuit, against the will of the Plaint; '.', I do not think the question fairly arises,, .:n this record, for
 
 non constat,
 
 hut the Plaintiff submitted to the order, and appealed from the merits of the decision.
 

 If, indeed, the Plaintiff had prayed that the Jury should pass on the cause, and the Court had refused it, the question v*ouMi now be open. Eut on a motion simply fora nonsuit,'because the words were not actionable, the Court could only, under its view of the subject, pronounce the judg/íícnt it has done. My opinion, therefore, is, that the judgment be affirmed.
 

 Hake, and Hín-iguson, Judges, concurred.