Toomer, Judge.
 

 Things which adhere to the freehold, as trees, are not at common law, the subject of larceny. The severance of them from the soil, without the consent of the owner, is a mere trespass. If they be severed at one time, and left on the land, so as to become personalty, and to be in the constructive possession of the proprietor, and then be subsequently taken away, such removal may be felonious. (4
 
 Bl. Com.
 
 232.) Bees ar
 
 & ferae natures,,
 
 but when hived and reclaimed by the art and industry of man, he Inis a qualified property in them, by the law of nature. But it has been said, that in England, the only, ownership of bees is
 
 rations soli;
 
 and the charier of the forest, which allows every man to be entitled to the honey found within his own woods, sanctions the doctrine that a qualified property may be also had in bees, in consideration of the property of the soil, whereon they are found. (2
 
 Bl. Com.
 
 392.)
 

 
 *164
 
 The same rights of ownership in bees and honey, by reason of the ownership of the soil whereon they are found, are supposed to obtain in this country.
 

 This is an action of slander, and the first count in the declaration alleges, that the Defendant, had said,
 
 “Plaintiff has stolen my
 
 bee-tree.” The charge refers to the larcenous taking of a tree, and not of bees or honey. — . But the matter was submitted to the decision of a jury, of whose verdict the Plaintiff now complains. The Judge instructed the jury,
 
 “
 
 that a standing tree was not the subject of larceny, and if they thought the charge of stealing referred to a standing tree, the words were not actionable
 
 f’
 
 “ they were also directed to inquire, whether the words spoken contained a charge of
 
 felony
 
 in stealing honey.” And the Judge reserved the question whether
 
 “
 
 a tree,”
 
 ex vi
 
 termini, did not imply a standing tree, unless otherwise expressed. The law was correctly stated, and it was left to the jury to decide, what was the meaning of the expressions used. The jury believed from the evidence, that the words referred to the cutting down of a standing tree, and found Defendant “not guilty.” If a man should say to another, “you are a thief, for you stole my tree,” it is not actionable, for it appears, he had a trespass, and not a felony in his contemplation.
 
 (Minors v. Leeford, Cro. Jac. 114—Bull.
 
 N
 
 . P, 5
 
 —Thompson v.
 
 Bernard,
 
 1
 
 Camp.
 
 N.
 
 P. 48.)
 
 These authorities seem to sanction the opinion, that when a tree is spoken of, without any explanation, it implies
 
 ex vi
 
 termini, a standing tree. But
 
 it
 
 was properly left to the jury in this case, to ascertain the meaning of the words. So where the words
 
 laid
 
 were, “you are a thief$” and the words
 
 proved, “
 
 you are a thief, you stole hoop poles, and saw logs from off
 
 Delancifs
 
 land.” The Judge left it to the Jury to decide, whether the Defendant meant to charge a felony, or only a trespass. There was a verdict found for Defendant, and on motion for a new trial, the case was carried before the Supreme Court of New-
 
 *165
 
 York, and the instruction to the jury was approved.
 
 (Dexter
 
 v.
 
 Faber,
 
 12
 
 Johns. Rep.
 
 239.)
 

 The other count,
 
 “
 
 that the Plaintiff was a rogue, and kept at home a rogue-hole, and harboured rogues,” was tried under circumstances advantageous to the Plaintiff. The Judge gave to this allegation the most favorable construction for Plaintiff, and he .has no cause of complaint. The jury were instructed, that if the Defendant was not guilty on the first count, and they believed that the accusation of being a rogue, and of harbouring rogues, referred only to cutting down the
 
 tree,
 
 and to harbouring the young men who assisted in that affair, and to their and Plaintiff’s agency therein, and no allusion was made to the commission of any other felony, or the harbouring of any other rogues, the words were not actionable. The Judge reserved the question, whether the words charged in this count, were in law actionable $ and the verdict of the jury rendered it unnecessay to be decided. Were there any cause for complaint on this trial, it could not proceed from the Plaintiff. The only doubt was, whether there was any thing in this count, to be submitted to a jury. It is believed, the words set forth in this count, in their ordinary acceptation, are not actionable, and that an action cannot be maintained on them. The use of mere abusive epithets by Defendant, and by him spoken of, or to the Plaintiff, is not actionable. It has been held not actionable to say of Plaintiff, “ he is an arrant rogue, he is a
 
 cheating rogue,
 
 a runagate rogue.” (1
 
 Com. Dig. Action for Defam. F.
 
 7—2
 
 Lev. 214—Hard.
 
 8.)—They are abusive, and contain imputations of misfea-zance, but not accusations of crime, and are not actionable without special damage arising from them. Har-bouring thieves and pirates would not be a crime, unless the person harbouring them knew that they were thieves and pjrates. And the words spoken should charge such knowledge, or it must be imported from the words used, as by saying they were
 
 harbored against law?
 
 or the
 
 *166
 
 words are not actionable.
 
 (Morgan
 
 v.
 
 Kiffe, Cro. Eliz. 52.) A fortiori,
 
 it. cannot be actionable to charge a man
 
 ' . . ,
 
 with harboring rogues.
 

 Títere is no error in tbe instruction given to the jury* an<l the judgment is affirmed.
 

 Per Curiam. — Let the judgment be affirmed.