Pearson, J.
 

 The plaint iff’was a constable in the year 1843. In 1S46, he was again appointed and acted as constable. The defendant, in 1S46, speaking of the plaintiff’, while acting as constable in
 
 1S4S,
 
 said, he had made a false return, in returning an execution in the defendant’s favor against one Roland, “No Goods.” To charge a constable with making a false return, does not subject him to indictment for an offence, of which the punishment is infamous ; and the words are therefore not actionabh * without proof of special damage, unless it falls under the third class of cases, laid down in the books, as words which affect him in his office, profession or business, from which the law implies that some damage must necessarily be sustained, for it does not amount to perjury, although the return was false : the oath of. an ofiieer, al-, though he is sworn, not being embraced within what the law terms a judicial oath, and not tending to defeat the administration of justice, which is necessary to constitute -the crime of perjury, unless otherwise provided for by law.
 
 Starlde on slander, page
 
 12. The only question, then, is, whether the words spoken do amount to an imputation,, which affects him in his office, profession or business, and we think they do not; for the office, which he held in 1843, had determined, at the time the words were spoken, and the charge.made in 1846, of what he had done in 1843, did not, as a natural consequence, affect him in the.
 
 new office.
 
 In 1st Vent. R.
 
 Herle
 
 v.
 
 Osgood,
 
 the words were, “he was a debauched man and not fit to be a justice,” and judgment was for the defendant, because. the. words were spoken of a time past, and T.wysden, Judg;e, said, it would have been otherwise,.if the words had been, “ho is a debauched man.” íáo, in this case, the
 
 *213
 
 words do not impute misconduct in the office which he was then filling, but referred to a distant and different office, which he had filled in ÍS43. If any special dam* age had resulted to the plaintiff from the speaking of the words, as that, in consequence thereof, certain persons would not put papers in his hands for collection, he might upon such proof have sustained his action, if special damage had been laid. But the law will not imply damage. as a matter of course, unless the words charge an indictable offence, for which the punishment is infamous, or unless the words impute an infectious disorder, which he then had, or are such as affect him in the office, profession or business in which lie is^then engaged. The office, in reference to which these words were spoken, is not the same, which the plaintiff was filling, at the time of the speaking of the words, and, as no special damage was proven, we are not disposed to extend the law further than decided cases ; for, if every constable could sue in slander and recover damages, as a matter of course, whenever a charge was made, that he had been negligent in his office, and made a return, “No goods,” unless it could be proven that by proper diligence he could have found some cattle, hogs and sheep to levy upon, there would be no end to litigation.
 

 Per Curiam,
 

 Judgment affirmed',