* CLARK and MONTGOMERY, JJ., did not sit on the hearing of this appeal.
The fourth and fifth paragraphs of the complaint were as follows:
"4. That the defendant, W. S. Barnes, well knowing the facts, as hereinbefore alleged, and contriving and wickedly and maliciously intending to injure the plaintiff in his good name and credit, and to destroy the confidence of the people of his district in his integrity, fidelity and fitness for the office he held as a member of Congress, as aforesaid, did, in making public speeches in the Ninth Congressional District of North Carolina, (which district the plaintiff then represented in Congress), as secretary and treasurer of the Farmers' State Alliance of North Carolina, at divers and sundry places, and particularly in the town of Webster, in the county of Jackson, (913) on 8 May, 1894, in the presence of a large number of electors of the district, then and there, after having stated that `the congressman from this district (meaning the plaintiff) had signed the Alliance demands,' which is admitted by the plaintiff to be true, spoke and uttered, in the presence and hearing of the said electors, the following false, slanderous and defamatory words of and concerning the plaintiff, to-wit: `and then went to Washington as a member of Congress and repudiated those demands, even going so far as to deny that he had signed them, and accused your secretary (meaning the defendant) with fraud and forgery' (meaning that the plaintiff, W. T. Crawford, had gone to Washington as a member of Congress and repudiated the Alliance demands, and even had gone so far as to deny that he had signed them), and accused your secretary (meaning the defendant) with fraud and forgery. *Page 570 
"5. That by reason of the utterance of the false, slanderous and defamatory words, as set forth in the preceding paragraph of this complaint by the said defendant, W. S. Barnes, the plaintiff has been injured and damaged in his good name and character and as a member of Congress; and by reason of the utterance of the false, slanderous and defamatory words by said defendant, W. S. Barnes, as set forth in the preceding paragraph, who, by reason of his office as secretary and treasurer of the Farmers' State Alliance of North Carolina, wielded great and powerful influence over the electors who are members of that organization and over other persons, thereby causing them to suspect and believe that the plaintiff had been guilty of lying, misrepresentation and falsely and corruptly misleading and deceiving the people in his office as a member of Congress, and by reason (914) of which false, slanderous and defamatory words the plaintiff lost the confidence of various and sundry electors in the district, who failed to vote for him, thereby causing him to be defeated in his election for Congress on 6 November, 1894, for which said office the plaintiff was a candidate, and the emoluments thereof, to his great injury and damage, to-wit, in the sum of $10,000."
The defendant demurred to the complaint of the plaintiff, and assigned for cause of demurrer:
"Said complaint does not state facts sufficient to constitute a cause of action, in that —
"1. The language charged to have been uttered by the defendant against the plaintiff does not impute to the plaintiff an infamous crime, and therefore is not actionable per se, and the special damage alleged is too remote, indefinite and uncertain.
"2. It is not alleged in said complaint that the said language was spoken of the plaintiff in respect to the office which he then held, and the same does not impute to the plaintiff any misconduct, malversation, corruption or inefficiency in office, and the special damage alleged is too remote, indefinite and uncertain.
"3. It is not averred that the said language was spoken of or concerning the plaintiff while in the exercise of his office as a member of Congress.
"4. The said language does not impute any crime or fault to the plaintiff in office, as set forth in the complaint, inasmuch as it is not alleged in the complaint that it was the duty of the plaintiff, as a member of Congress, to support the `Alliance demands,' nor that it was any neglect or omission of his official duty or any infidelity or malversation in office for him to have repudiated said demands.
"5. It is alleged that the said language was used by the defendant in a public speech in reference to the plaintiff's policy and *Page 571 
conduct as a public servant, and was therefore spoken by the (915) defendant in the exercise of his constitutional right as a citizen freely to speak his sentiments on public subjects, and in respect to the character and conduct of public men, and hence was not slanderous or actionable.
"6. It is alleged in said complaint that said language was used by the defendant as secretary and treasurer of the Farmers' State Alliance of North Carolina to members of the organization in a matter relevant and pertinent to the business of the said order, and hence it is conclusively presumed that the defendant was actuated by a sense of duty and not by malice, and his language was privileged, under the circumstances and by the occasion on which the same was spoken."
The demurrer was sustained and the action dismissed, and the plaintiff appealed.
The language charged to have been uttered by the defendant did not impute to the plaintiff an indictable or infamous offense, nor was it calculated to disparage him in his office (for it was no part of his official obligation to support the "Alliance demands"). Hence the words are not actionable, per se. Ramsey v. Check, 109 N.C. 270;Barnes v. Crawford, 115 N.C. 76; Ogder on Libel and Slander, 308. The action, therefore, cannot be sustained, except upon allegation and proof of special damage. The special damage alleged, to-wit, the loss of the election of the plaintiff to Congress, did not accrue, according to the complaint, till 6 November, and the summons was issued 17 September. The damage not having accrued before the summons issued, the action cannot be maintained. (916)Bynum v. Comrs., 101 N.C. 412; Clendenin v. Turner,96 N.C. 416; Newell on Defamation and Slander, 851 (sec. 19) and 852 (sec. 21). The third and fourth grounds of demurrer were well taken. It is not necessary to consider the other grounds assigned in the demurrer.
No error. *Page 572