HENRY T. FIELDS v. THOMAS M. BYNUM.

(Filed 25 October, 1911.)

1. Issues Sufficient—Slander—Issues Approved.

When under the issues submitted the defendant has had opportunity to present evidence of any defense he has set up in his answer and has not been otherwise prejudiced, there is no reversible error. The issues in this action for slander approved.

2. Slander—Privileged Utterances—Interest—Justification—Good Faith—Manner.

To justify words alleged to have been slanderously spoken, and to bring himself within the protection which attaches to communications made in the fulfillment of a duty, the defendant must show something more than an honest belief in the truth of his utterances, for he must show that the communication was made in good faith on an occasion which justified his making it; and the manner in which it is uttered may take them out of the privilege.

FIELDS *v.* BYNUM.

**3. Same—Presence of Others—Accusations.**

When in an action for slander the defendant seeks to avoid civil liability upon the ground that the occasion was a privileged one, and it appears that the defendant sought the plaintiff and in the presence of other persons accused him of burning a certain mill in the operation of which the defendant had a certain interest, and charged him with burning another mill on same place previously, also saying to the plaintiff that his neighbors believed that he burned it, the communication cannot be said to have been fairly and impartially made on a proper occasion, in a proper manner, which is necessary for the defendant to establish in order to make his plea available.

**4. Slander—Pleadings—General Damages—Measure.**

When general damages are sought in an action of slander for words spoken which are actionable *per se*, compensatory damages may be awarded which embrace compensation for those injuries which the law will presume must naturally, proximately, and necessarily result, including injury to the feelings and mental suffering endured in consequence; and it is not incumbent on the plaintiff to introduce evidence that he has suffered special damage in such instances.

**5. Same—Malice—Intent—Punitive Damages.**

When there is evidence tending to show slander actionable *per se*, as appears from the facts in this case, and general damage is alleged, it is also competent for the jury to award punitive damages in their discretion, if they are satisfied by the greater weight of the evidence that the utterances were made from personal malice, with the design or purpose to injure the plaintiff, in a wanton or reckless disregard of his rights.

APPEAL from *O. H. Allen, J.,* at February Term, 1911, of CHATHAM.

Civil action for slander. These issues were submitted to the jury:

1. Did the defendant speak to the plaintiff, in the presence and hearing of Willie J. Bright and others, the words set out in paragraph 3 of the complaint, or words of the same substance? Answer: Yes.

2. Did the defendant speak to the plaintiff, in the presence and hearing of Willie J. Bright and others, the words set out in paragraph 4 of the complaint, or words of the same substance and meaning? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: $500.

From the judgment rendered, the defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*H. A. London & Son for plaintiff.*

*W. P. Bynum, Hayes & Bynum, and Robert C. Strudwick for defendant.*

BROWN, J.  1. The defendant excepted to the issues and tendered two others.  Those submitted have been practically approved by this Court in several cases.  *McCurry v. McCurry,* 82 N. C., 296; *Wozelka v. Heltrick,* 93 N. C., 10; *Rice v. McAdams,* 149 N. C., 29.

Under the issues submitted the defendant had opportunity to present evidence of any defense set up in his answer.  *Deaver v. Deaver,* 137 N. C., 246.

2. The defendant contends that the occasion when the words were uttered was a privileged one exempting him from civil liability for their utterance.  Defendant tendered certain prayers for instruction presenting that view, which were refused.

We are of opinion that the occasion was not privileged and that the prayers were properly refused.

The contention of the defendant is that he had a direct personal interest in the burning of the mill, although it belonged to Buie, as he was engaged in sawing defendant's timber with it, and another mill had been burned on the same site the June previous; that he sought the plaintiff in good faith to ascertain who burned the mill and in the discharge of a private duty in the prosecution of his own interests.

We do not differ with the learned counsel as to the law, but only in its application to the facts of this case.  The plaintiff's version of the facts is that the defendant came to his residence and called him out, saying: " 'You burnt the mill up last night.'  I told him I did not.  Jim Campbell, Norflus Barber, and Willie Bright were present.  Defendant said he would blow my brains out if I opened my mouth; said I was the man

that burnt it in June, 'and I know you did it.' I did not burn either mill." Several witnesses testified to plaintiff's good character. There was no evidence that his character was bad.

Defendant testifies: "I then asked him (the plaintiff) about trying to deed the timber to other parties after he had sold it to me; that I believed he had burned the mill, and that his neighbors believed it. I never charged him with burning the mill only as above stated."

In order to bring himself within the protection which attaches to communications made in the fulfillment of a duty, the defendant must show something more than an honest belief in the truth of his utterance. He must show that what he said was a communication made in a sense of duty with the *bona fide* purpose of ascertaining the origin of the fire, and that it was made on an occasion which justified the making. of it. *Dawkins v. Lord Paulet*, L. R. 5 Q. B., p. 102; Newell on Slander, p. 477.

Then, again, where the expressions employed are allowable in all respects, the manner in which they are made public may take them out of the privilege.

In the case of spoken words the defendant must be careful in whose presence he speaks. While the accidental presence of a third person will not always take the case out of the privilege, it is otherwise if the defendant purposely selects an occasion where a number of persons are present. Odgers on Libel and Slander, 199.

It is generally held that answers to questions put by the plaintiff himself will in general be privileged, though made in the presence of third persons. *Palmer v. Hammerstone*, 1 Cab. and El., 36; *Billings v. Fairbanks*, 139 Mass., 66. But even in reply to plaintiff's questions the defendant is not protected by privilege if he repeats in presence of third persons charges of a slanderous character which he has previously made. *Griffiths v. Lewis*, 53 E. C. L., 61; *Sanborn v. Fickett*, 91 Me., 346; 18 Am. and Eng., 1032.

Assuming the communication to have been made in manner and form as testified by the plaintiff, it is manifestly not privi-

leged. And we think, taking the defendant's version of the occurrence, it was not a privileged occasion.

The response was not elicited in reply to questions asked by plaintiff; nor is the inference justified that the defendant sought the plaintiff for the sole purpose of ascertaining the origin of the fire. Defendant put no questions to the plaintiff and asked for no information. According to defendant's own testimony, he did not ask plaintiff if he burned the mill, but at once charged plaintiff with attempting to sell timber which he had already sold plaintiff, and then substantially charged him with burning the mill. "I believe you burned the mill, and your neighbors believe it." "You know you burned the mill," etc. These are words of accusation and not those which should be used in an inquiry intended only to elicit the truth.

The defendant did not seek the plaintiff in privacy and demand to know what plaintiff had to say concerning the burning of the mill, but made the accusation openly in the presence of three persons.

"Confidential communications," says Mr. Newell, "must not be shouted across the street for all passers-by to hear." "He should choose a time when no one else is by except those to whom it is his duty to make the statement." Page 477.

From all the evidence it cannot be inferred that the communication was fairly and impartially made on a proper occasion, in a proper manner, and without other defamatory matter. These are essentials to a privileged communication, especially where the matter communicated charges, as in this case, a felony. Newell, p. 477.

The cases strongly relied upon by the learned counsel for the defendant are *Aycock v. Marsh,* 30 N. C., 360, and *Brown v. Hathaway,* 95 Mass., 239. In the former the communication was in private and was in the strictest sense privileged, made, as held by this Court, in the performance of a high moral duty. In the latter the communication was made in the house of the plaintiff and *in reply to inquiries* put by plaintiff in presence of a police officer who accompanied the defendant for the purpose of searching the house for stolen goods.

The Supreme Court of Massachusetts held that the circumstances surrounding it made the communication privileged.

3. Upon the issue of damage the defendant contended that there is no evidence upon which damage can be awarded, and further requested the court to charge: "It is incumbent on the plaintiff to show to the jury evidence that he has suffered damage before he can ask you to award any to him."

His Honor refused to give the instruction, and the defendant excepted. The plaintiff asked for general damages and pleaded no special damages. General damages include actual or compensatory damages, and embrace compensation for those injuries which the law will presume must naturally, proximately, and necessarily result from the utterance of words which are actionable *per se,* such as the charge made in this case. Such damages include injury to the feelings and mental suffering endured in consequence. General damages need not be pleaded or proved. 18 Am. and Eng., 1081, 1082, 1083, and cases cited in notes.

General damages are sometimes called substantial damages, and are based upon the theory that it is competent for the jury to award, where the words are actionable *per se,* a figure which will fairly compensate the plaintiff for the injury sustained. Newell, p. 841. The right to recover compensatory damage is in no way dependent on the existence of malice upon the part of the defendant. 18 Am. and Eng. Enc., p. 1089. General damages also include punitive damages, which a jury in proper cases may exercise their discretion in awarding. His Honor charged the jury: "That if, after considering this view of the evidence, the jury are satisfied by the greater weight of the evidence that the charge was made from personal malice, with the design and purpose to injure the plaintiff, or that the charge was made in such a manner that it showed a wanton and reckless disregard of the plaintiff's rights, the jury may, in addition to compensation, give exemplary or punitive damages, which is allowed as a kind of punishment, with a view of preventing similar wrongs in the future."

His Honor further charged that if the defendant was not actuated by malice the plaintiff can recover only compensatory damage. This is a clear and correct statement of the law. Odgers, p. 291; 18 Am. and Eng. Enc., p. 1091, and cases cited; Newell, p. 842.

The version of the occurrence given by plaintiff is sufficient evidence to be submitted to the jury as a basis for punitive damages.

No error.