J. W. PAYNE v. A. R. THOMAS.

(Filed 13 November, 1918.)

**Slander—Bastardy—Indictable Offense—Pleadings—Demurrer.**

Allegations that the defendant spoke false, slanderous, and defamatory words of the plaintiff, that a certain woman said that he was the father of her child, are those charging bastardy, and, though involving moral turpitude, is not an indictable offense carrying with it infamous punishment; and upon the failure of the complaint to allege special damages, it is demurrable.

ACTION heard upon demurrer by *Shaw, J.,* at September Term, 1918, of GUILFORD.

The demurrer was overruled. Defendant appealed.

*W. P. Bynum and R. C. Strudwick for plaintiff.*
*S. B. Adams and Brooks, Sapp & Kelly for defendant.*

BROWN, J. Plaintiff sues to recover damages for slander. The complaint charges that defendant spoke of and concerning the plaintiff cer-

tain. false, slanderous and defamatory words, viz.: "Mamie (meaning the said Mamie Thomas) says that Payne (meaning the plaintiff) is the father of her child"; and also, at the same time and place, defendant spoke of and concerning the plaintiff, in the presence and hearing of the said Munford Huffines, the false statements and defamatory words, in substance as follows, to wit: "Payne (meaning the plaintiff) came over about some tobacco. He (meaning the plaintiff) got it then. He (meaning the plaintiff) went off to the pack-house and stayed about half a day and got it again, and then went home. Payne (meaning the plaintiff) was drinking. She (meaning the said Mamie Thomas) would or could take the baby to Payne's house (meaning the home where plaintiff and his family lived) and say, 'Here is me and my baby. What are you going to do with us?' "

The defendant demurred, because the complaint fails to allege and to set out any special damage.

The words recited in the complaint are not *per se* actionable. They do not of themselves charge an indictable offense involving moral turpitude.

They charge in substance bastardy, which is not an indictable offense and does not carry with it infamous punishment, although they involve moral turpitude. *Jones v. Brinkley,* 174 N. C., 24; 25 Cyc., 270.

Bastardy is a *quasi* civil proceeding to enforce a police regulation. *S. v. Addington,* 143 N. C., 683; *S. v. Curry,* 161 N. C., 275.

In order to recover, plaintiff must allege and prove special damage.

In the leading case of *Osborne v. Leach,* 135 N. C., at page 632, *Clark, C. J.,* discusses actual damages, punitive damages, and special damages as related to actions for libel and slander. This opinion shows clearly that special damages are pecuniary loss—direct or indirect—and that damages for physical pain and inconvenience, damages for mental suffering, and damages for injured reputation are actual damages and such as the law presumes from publications libelous *per se.*

In this case it is said: "Damages for mental suffering are actual or compensatory; they are not special nor punitive." (Page 634.) *Fields v. Bynum,* 156 N. C., 418.

The demurrer is sustained. The plaintiff will be allowed to amend his complaint.

Error.