JOSEPH A. RINGGOLD v. T. E. LAND.

(Filed 3 November, 1937.)

1. **Libel and Slander § 3—Words held actionable per quod and not per se.**

Allegations that defendant, in the presence of others, charged plaintiff with being dishonest and with getting goods and then not paying for them, and that defendant used other abusive and insulting language, are insufficient to charge words actionable *per se,* since words are actionable *per se* only when they charge a crime or indictable offense involving moral turpitude, or punishable by imprisonment.

2. **Libel and Slander § 9—Held: Complaint alleging words actionable per quod without allegation of special damages is demurrable.**

Where the complaint alleges words actionable only *per quod* and that plaintiff suffered great humiliation and was damaged in his good name and reputation as a direct result thereof, defendant's demurrer thereto should be sustained, it being required of plaintiff in such instance to allege special damages, which are damages accruing to the particular individual by reason of the particular circumstances of the case, and injury to feelings and reputation being general damages, which might accrue to any person similarly injured.

APPEAL by defendant from *Cranmer, J.,* at May Term, 1937, of CRAVEN. Reversed.

*Abernethy & Abernethy for plaintiff, appellee.*
*W. B. R. Guion for defendant, appellant.*

SCHENCK, J. The defendant demurred to the complaint for that it failed to allege a cause of action. The demurrer was overruled and the defendant reserved exception and appealed to the Supreme Court.

The pertinent portion of the complaint reads:

"3. That on 10 September, 1936, at 3:30 p. m. the plaintiff was riding in a car driven by LeRoy Smith. The car stopped in front of the store of the defendant, T. E. Land, at 26 Middle Street. Upon stopping the car the defendant, T. E. Land, came up to the car and started a conversation with the plaintiff, in the presence of others in the car, and spoke of and concerning the plaintiff the following false, malicious and slanderous words:

" 'When are you coming to see me?'

" 'Most any time,' answered the plaintiff.

"The defendant continued, 'I thought you were a preacher.'

"The plaintiff answered, 'Is that anything against me?'

"The defendant continued, 'There is no use to lie or to tell a damn lie. You owe me $8.00.'

"The plaintiff answered, 'I only owe you $7.00. I paid you $1.00.'

"The defendant continued, 'You are a damn common and dishonest man who gets a man's goods and not pay for them.'

"Then the defendant continued his abuse and stuck his head in the car in a menacing and threatening manner and said the following false, malicious and slanderous words, in the presence of many divers persons as follows:

" 'You are a common d—s—o—b—. You can take it or not.'

"The plaintiff answered, 'I do not intend to take it.'

"In order to prevent further difficulty and to prevent an assault on the plaintiff the driver of the car drove away while the said defendant continued to abuse and vilify the plaintiff herein. That the words set out in the previous allegation caused great embarrassment and humiliation to the plaintiff and that the uttering of the said false, malicious and slanderous words has greatly humiliated and embarrassed the plaintiff, and has had a tendency to lower him in the esteem of his fellow men and cause him great mental suffering and great and lasting damage.

"4. That as a result of the false, wanton, malicious and slanderous words so uttered and published in a public place before many and divers persons there assembled, by the defendant of and concerning the plaintiff, the plaintiff has been greatly damaged in his good name and reputation, and has been humiliated to his great and lasting damage in the amount of $5,000."

The language charged to have been uttered by the defendant did not impute to the plaintiff an indictable or criminal offense involving moral

turpitude or punishable by imprisonment, therefore the alleged utterances were not slanderous *per se*. *Barnes v. Crawford*, 115 N. C., 76; *Crawford v. Barnes*, 118 N. C., 912. "The principle seems to be well established in relation to the action of slander that the words spoken should contain an express imputation of some crime liable to punishment, some capital offense, or other infamous crime, or misdemeanor. Words which convey only the imputation of an imperfect sense or practice of moral virtue, duty, or obligation are not sufficient to support the action. The crime charged, too, must be such as is punishable by the common or statute law, for if it be only a matter of spiritual cognizance it is not, according to the authorities, actionable to charge it. Cro. Eliz., 205; Salk., 696; 6 Term., 694." *Eure v. Odom*, 9 N. C., 52. "The use of mere abusive epithets by defendant, and by him spoken of or to the plaintiff, is not actionable." *Idol v. Jones*, 13 N. C., 162.

Since the alleged utterances were not slanderous *per se*, the demurrer must be sustained for the reason that there is no allegation in the complaint of special damages, which is necessary where the alleged utterances are only slanderous *per quod*. "The difference between the two is that if actionable *per se*, malice and damage are conclusively presumed, but if actionable only *per quod*, both malice and special damages must be alleged and proved." *Oates v. Trust Co.*, 205 N. C., 14; *Payne v. Thomas*, 176 N. C., 401.

"Special damages are those which are the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions. Hence general damages are such as might accrue to any person similarly injured, while special damages are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case." Black's Law Dictionary, 2d Ed., pp. 314-15, and authorities there cited.

"Actual damages are synonymous with compensatory damages and with general damages. *Newell, supra* (Newell on Slander and Libel), 839; 18 Am. & Eng. Ency. (2d Ed.), 1081, *et seq.* Damages for mental suffering are actual or compensatory. They are not special nor punitive, and are given to indemnify the plaintiff for the injury suffered. 1 Am. & Eng. Ency. (2d Ed.), 602. The law infers actual or compensatory damages for injury to the feelings and reputation of the plaintiff from a libel calculated to humiliate him or injure his reputation or character." *Osborn v. Leach*, 135 N. C., 628.

The demurrer is sustained, and the judgment below is
Reversed.