### MRS. MAE BRIDGERS SCOTT v. R. G. HARRISON.

(Filed 12 April, 1939.)

**1. Libel and Slander § 8—Complaint held not to allege facts rendering utterances of alleged slander privileged.**

This action was instituted by the wife of a high school principal against the chairman of the county board of education, for slander alleged to have been uttered by defendant in connection with the employment of plaintiff's husband. It was alleged that the slander was uttered by defendant to persons who had called by defendant's office in a bank. *Held:* It does not appear from the complaint that the relation between the defendant and the persons to whom the alleged declarations were made was such as

SCOTT *v.* HARRISON.

to bring the declarations within the rule of privilege or qualified privilege, and defendant's demurrer on the ground of privilege was properly overruled.

**2. Libel and Slander § 11—**

Where the alleged words are not actionable *per se*, the complaint must allege special damage.

**3. Libel and Slander § 2—**

Our courts adhere to the common law rule that words, to be actionable *per se*, must affect one's business or occupation or tend to hold him up to public hatred or contempt, etc.

**4. Same: Libel and Slander § 11—Words alleged held not actionable per se.**

Plaintiff alleged that defendant, who was the chairman of the county board of education, made declarations to the effect that plaintiff, who was the wife of a high school principal, had been forbidden to go upon the school grounds and that the reason he was not reëlecting plaintiff's husband to his position as principal was due to the character and reputation of the plaintiff. *Held:* The words alleged are not actionable *per se* in their ordinary meaning, and in the absence of allegation of any special meaning or "innuendo," the complaint is insufficient to charge words actionable *per se.*

**5. Same—Held: Complaint failed to allege words actionable per se or special damage, and demurrer should have been sustained.**

This action for slander was instituted by the wife of a high school principal, who had herself theretofore been employed as a teacher, against the chairman of the county board of education for slander alleged to have been uttered in connection with the employment of plaintiff's husband. Plaintiff alleged that as a result of the alleged slander her husband was forced to accept reëlection to his position for one year upon condition that thereafter he would not seek reëlection. *Held:* The complaint is insufficient to allege words actionable *per se,* since plaintiff was not at the time actually or constructively engaged in the profession of teaching, and the fact that the alleged slander might eventually lead to the unemployment of her husband is too remote and speculative to constitute an allegation of special damage, and defendant's demurrer to the complaint should have been sustained.

**6. Pleadings § 23—**

Where, on appeal, the judgment of the lower court overruling defendant's demurrer is reversed, plaintiff may be allowed a reasonable time to amend her complaint.

APPEAL by defendant from *Parker, J.,* at October Term, 1938, of VANCE. Reversed.

This is an action to recover damages for an alleged slander of plaintiff by the defendant. The slander charged is that the defendant falsely and maliciously uttered concerning the plaintiff: "That the plaintiff while her husband, B. A. Scott, was the principal of the public schools in

Northampton County, North Carolina, was forbidden by the authorities in charge from going upon the school grounds or premises of the Jackson High School at Jackson, North Carolina, for a period of six months." The charge is further supplemented by an allegation that the defendant stated that "the reason he was not reëlecting Mr. B. A. Scott was due to the character and reputation of his wife." Plaintiff's husband was at the time of the alleged slanderous utterance, or immediately preceding that time, principal of the Dabney High School, which position he had held for ten years, and to which he had not been reëlected; the defendant Harrison was chairman of the county board of education of Vance County, having something to do with the selection of principals and teachers in Dabney District. The plaintiff "for some time was employed by the Public School System in North Carolina."

The plaintiff alleges that because of the slanderous remarks of the defendant, her husband was required to accept as a condition to his reelection that he would not seek reëlection to his present position of principal.

No special damage is alleged other than the above, and the slander was not laid with an "innuendo," attaching a special meaning to the words "character" and "reputation" used concerning the plaintiff.

The defendant demurred, setting forth that under the circumstances alleged the communication was privileged; and that the words alleged to have been uttered concerning the plaintiff were not actionable *per se,* and that since no special damage was set up in the complaint no sufficient cause of action was alleged therein against the defendant. From the judgment overruling the demurrer, defendant appealed.

*J. P. & J. H. Zollicoffer for plaintiff, appellee.*
*Jasper B. Hicks, A. A. Bunn, and J. H. Bridgers for defendant, appellant.*

SEAWELL, J. 1. It is alleged in the complaint that the slanderous words uttered of and concerning the plaintiff were made by the defendant to persons who had called by defendant's office in the bank. It does not appear from the complaint that the relation between the defendant and these persons was such as to bring the declarations within the rule of privilege, or qualified privilege, and the complaint is not objectionable in that respect, and defendant's demurrer to the complaint in that regard is without merit. *Alexander v. Vann,* 180 N. C., 187, 104 S. E., 360.

2. Where slanderous words or accusations are not actionable *per se.* so that general damages may be awarded therefor, the courts will not sustain a complaint as sufficiently setting up a cause of action which does not allege some special damage sustained by the plaintiff by reason

of the slanderous remarks. In this respect the courts of this State adhere to the common law doctrine pertaining to libel and slander. The distinction between slanderous utterances actionable *per se* and those in which special damage must be alleged is traditional and does not always appear to be philosophical. The standards employed and the sense of moral values implied belong, perhaps, to a more practical age, and the rationale of some of the classifications is weakened or destroyed by changes which have come about through the years in the subjects to which they apply. It has been surmised that it was intended to confine actions of that sort to the graver accusations and those obviously calculated to result in damage. But the distinctions are too challengeable to support that view. Apparently they are not based on any desire to aid the litigant but upon social implications, and seem to be punitive in origin. "It is believed that in truth the requirements about special damages rest not upon any analytical distinction but wholly upon the historical division between defamations which were originally punished as sins, in ecclesiastical courts, and those inflicting temporal harm and remedial in the King's tribunals." McCormick on Damages, p. 464, note 28. See also note 5, p. 416.

Whatever may have been the origin, the courts are not permitted to go outside of the categories established by long usage to hold words, which to the layman may appear equally malicious and harmful, as actionable *per se*. Under this rule, false and slanderous utterances affecting one's business or occupation (*Deese v. Collins,* 191 N. C., 749, 133 S. E., 92); false and malicious accusations of crime calculated to expose the person accused to public hatred or contempt (*McKee v. Wilson,* 87 N. C., 300; *Cotton v. Fisheries Products Co.,* 177 N. C., 56, 97 S. E., 712), and slanders of like kind, are actionable *per se,* and on account of their nature and relation, when properly charged, the law will presume that injury or compensable general damage has resulted, without allegation of special damage. *Fields v. Bynum,* 156 N. C., 413, 72 S. E., 449; *Cotton v. Fisheries Products Co.,* 181 N. C., 151, 106 S. E., 487. When the words do not come within this category, special damages must be alleged and proved. In the complaint under consideration none of the charges of slander is laid with an "innuendo" attaching any special meaning to the words used other than that which is obvious, and under the ordinary meaning they are not actionable *per se.*

We have carefully examined the allegations of the complaint and given due consideration to those allegations which have been pointed out as an averment of special damages.

Embarrassment, humiliation, and mental suffering, caused by the defamation, may be considered in connection with slanders which are actionable *per se; Baker v. Winslow,* 184 N. C., 1, 113 S. E., 570; *Fields*

SCOTT *v.* HARRISON.

*v. Bynum, supra;* but, standing alone, will not be sufficient as an allegation of special damage. The injury must be material and pecuniary. "It is not usually enough for the plaintiff to plead that the publication of the slander has humiliated or embarrassed him or has been productive of mental anguish." McCormick on Damages, Hornbook Series, section 114, p. 419. Perhaps because humiliation and the poignancy of mental distress are not easily measured in money values, they have been, at least in slander cases, considered merely in aggravation of damages. Southerland on Damages, 4th Ed., Vol. 4, section 1220, *et seq.*

It is suggested that the condition imposed upon plaintiff's husband at the time of his reëlection might eventually lead to his unemployment and result in damage to her. This, we think, is too remote and speculative for present consideration. Newell, Slander and Libel, 4th Ed., section 746, quotes *DeGrey, C. J.,* in *Onslow v. Horne,* 3 Wils., 177, 2 W. Bl., 750: "I know of no case where ever an action for words was grounded upon eventual damages which may possibly happen to a man in a future situation;" and refers to the established rule that the damages must have accrued before the institution of the suit.

The plaintiff alleges that "for some time she was employed by the Public School System in North Carolina." Had she been presently so employed, there is no question but that the words complained of, in the connection used, would be actionable *per se* as words tending to bring her into disrepute and injure her in her occupation. *Castelloe v. Phelps,* 198 N. C., 454, 152 S. E., 163. We might question whether a mere temporary period of unemployment or cessation of occupation, which had not been abandoned by the party aggrieved, would affect the slander as actionable *per se,* although authorities in this State are rather strongly to the contrary; *Edwards v. Howell,* 32 N. C., 211; *Gattis v. Kilgo,* 128 N. C., 402, 424, 38 S. E., 931. In this case there is no allegation that the plaintiff was there engaged in the profession of teaching, actually or constructively.

For these reasons, the judgment overruling the demurrer must be reversed. Since the court below ruled with the plaintiff, and she was under no necessity of asking to amend her complaint at that time, no presumption arises here, as in *Ballinger ·v. Thomas,* 195 N. C., 517, 142 S. E., 761, as to her reliance upon the complaint as drawn. Plaintiff will be given reasonable time to amend her complaint, if she so desires.

The judgment overruling the demurrer is
Reversed.