### J. R. PENNER v. J. B. ELLIOTT.

(Filed 28 February, 1945.)

**1. Libel and Slander § 1—**

Slander, as distinguished from libel, may be actionable *per se* or only *per quod.* That is, the false remarks in themselves may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed; or the false utterance may be such as to sustain an action only when causing some special damage, in which case both the malice and the special damage must be alleged and proved.

**2. Libel and Slander § 2—**

Ordinarily, we must look to the common law for defamations which are actionable *per se*, including accusations of crime or offenses involving moral turpitude, defamatory statements about a person with respect to his trade, occupation or business, imputation of having a loathesome disease, and the like.

**3. Libel and Slander §§ 3, 11—**

A public statement by defendant, that plaintiff "is a man who will not pay his honest debts, that he will not work and is a man that respectable people had best not have anything to do with," is not actionable *per se,* and, plaintiff having alleged no special damages, defendant's demurrer to the complaint for failure to state a cause of action should have been allowed.

**4. Libel and Slander § 16—**

Special damages are those which are the actual, but not the necessary result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions. Humiliation and mental anguish are not special damages in an action for slander.

APPEAL by defendant from *Pless, J.,* at Regular September Term, 1944, of BUNCOMBE.

Plaintiff brought this action to recover damages for an alleged slander publicly uttered against him while defendant was traveling in a bus of the White Transportation Company in the city of Asheville. It is charged in the complaint that the defendant uttered concerning plaintiff the following false and defamatory language: "J. R. Penner (meaning the plaintiff) is a man who will not pay his honest debts; that he will not work and is a man that respectable people had best not have anything to do with." Plaintiff complains that the said false utterances held him up to "public ridicule and contempt, thereby destroying plaintiff's good name and standing in the community," and that, as a proximate cause thereof, he has suffered damages in the sum of $1,000.00.

In a further count of the complaint, plaintiff alleges that the defamatory utterances were malicious, reckless and wanton, and without legal excuse or justification, and asks for $1,000.00 as punitive damages.

The complaint contains no allegation of special damages.

To this complaint the defendant demurred as not stating a cause of action, and moved to dismiss.

Upon the hearing the trial judge overruled the demurrer, and the defendant appealed, assigning error.

*Thomas A. Curry for plaintiff, appellee.*
*Sale, Pennell & Pennell for defendant, appellant.*

SEAWELL, J. Slander, as that term is appropriated to oral defamatory utterances as distinguished from libel, may be actionable *per se* or only *per quod.* That is, the false remarks in themselves may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed; or the false utterance may be such as to sustain an action only when causing some special damage, in which case both the malice and the special damage must be alleged and proved.

The policy of the law has much restricted the range of defamatory utterances which are actionable *per se.* Some statutes, with which we are not here concerned, make a limited number of defamations slanderous *per se;* but ordinarily we must look to the history of the subject in the common law, under the guidance of our own decided cases, in order to determine which are of that character. Included amongst them are accusations of crime or offenses involving moral turpitude, defamatory statements about a person with respect to his trade, occupation or business, imputations of having a loathesome disease, and the like. It is sufficient to say that the words alleged of the defendant do not come within any of the categories recognized as actionable *per se;* and that

plaintiff has not alleged against him any special damage—that is, damage sustained by reason of any special circumstances or conditions attending the breach of duty of which plaintiff complains, and this is fatal to the case as presently laid in the complaint.

In *Ringgold v. Land,* 212 N. C., 369, loc. cit. 371, *Justice Schenck,* speaking for the Court, quotes the following from Black's Law Dictionary as defining special damages:

"Special damages are those which are the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions. Hence general damages are such as might accrue to any person similarly injured, while special damages' are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case." Black's Law Dictionary, 2d Ed., pp. 314-15, and authorities there cited.

In this respect plaintiff is not aided by his "second count," in which he alleges that the defamatory words were wanton and malicious, and that he suffered humiliation and mental anguish. To recover at all, he must allege and prove malice; and damages for humiliation and mental suffering are not special damages within the accepted definition.

*Ringgold v. Land, supra,* contains a full discussion of the subject, with copious citations, on a statement of fact remarkably similar to the one here considered, and we reaffirm its authority.

The demurrer should have been sustained. It is so ordered.

Judgment reversed.